UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAVEN GRIFFIN,

        Plaintiff,

  v.

        Case No. 21-cv-63-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she is not married, and she has three children between the ages of nine and fifteen that she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff's only source of income is $794 per month in disability payments. Id. at 2. The plaintiff pays $300 per month in rent and states that

1

the rest of the $794 goes to pay other household expenses and that "out of 794 for self + kids nothing left." Id. The plaintiff does not own a car or her home or any other property of value and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I am currently unable to pay filing fee with limited income listed on the front page. I am also unable to pay any fees associated with this case . . . I ask that you waive this fee." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

    The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

    The plaintiff's complaint indicates that she was denied benefits by the Commissioner and that she does not believe that the Commissioner's findings when denying her benefits are supported by substantial evidence in the record; the plaintiff states, "The Appeals Council overturn[ed] the Administrative decision and remanded the case back. When the case was remanded back the law Judge did not go over all my disabilities such [as] for example my

2

hypothyro[i]dism. The []vocation expert said there was no such jobs available however I was still denied." Dkt. No. 1 at 3. The plaintiff also states, "I did not have a lawyer represent me at the time and was discriminated against because I chose to represent myself." Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 14th day of January, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**